**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

EASTERN DISTRICT OF VIRGINIA

Case number *(if known)* ____________ Chapter **11**

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

**04/25**

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **Ellerbe Telephone Company** |
| **2.** | **All other names debtor used in the last 8 years**<br>Include any assumed names, trade names and *doing business as* names | **RiverStreet Networks**<br>**RiverStreet Security**<br>**RiverStreet** |
| **3.** | **Debtor's federal Employer Identification Number** (EIN) | **56-0586911** |
| **4.** | **Debtor's address** | **Principal place of business**<br>**1400 River Street**<br>**Wilkesboro, NC 28697**<br>Number, Street, City, State & ZIP Code<br>**Wilkes**<br>County<br><br>**Mailing address, if different from principal place of business**<br>P.O. Box, Number, Street, City, State & ZIP Code<br><br>**Location of principal assets, if different from principal place of business**<br>Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: |

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

**5171**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

- ☐ Debtor’s aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
- ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
- ☐ A plan is being filed with this petition.
- ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
- ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
- ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

| District | | When | | Case number | |
|---|---|---|---|---|---|
| District | | When | | Case number | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

☐ No
■ Yes.

Debtor **Ellerbe Telephone Company** Case number (*if known*)
Name

List all cases. If more than 1, attach a separate list

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **See Attachment 1** | | | Relationship | **Affiliate** |
| District | **Eastern District of Virginia** | When | | Case number, if known | |

**11. Why is the case filed in *this district?***

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**

Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency

Contact name

Phone

**Statistical and administrative information**

**13. Debtor's estimation of available funds**

. *Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors** *

| | | |
|---|---|---|
| ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than100,000 |
| ■ 200-999 | | |

**15. Estimated Assets** *

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

**16. Estimated liabilities** *

| | | |
|---|---|---|
| ☐ $0 - $50,000 | ☐ $1,000,001 - $10 million | ☐ $500,000,001 - $1 billion |
| ☐ $50,001 - $100,000 | ☐ $10,000,001 - $50 million | ☐ $1,000,000,001 - $10 billion |
| ☐ $100,001 - $500,000 | ☐ $50,000,001 - $100 million | ☐ $10,000,000,001 - $50 billion |
| ☐ $500,001 - $1 million | ■ $100,000,001 - $500 million | ☐ More than $50 billion |

*Represents consolidated financial information for the Debtor and its affiliated entities. This does not constitute a statement or admission as to the creditors, assets, or liabilities of any of the debtor entities individually.

Debtor **Ellerbe Telephone Company** Case number (*if known*)
Name

**Request for Relief, Declaration, and Signatures**

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/16/2026
MM / DD / YYYY

**X** /s/ Stuart Kaufman
Signature of authorized representative of debtor

**Stuart Kaufman**
Printed name

Title **Chief Restructuring Officer**

**18. Signature of attorney**

**X** /s/ Paula S. Beran
Signature of attorney for debtor

Date 10/21/2026
MM / DD / YYYY

**Paula S. Beran**
Printed name

**Tavenner & Beran, PLC**
Firm name

**20 North Eighth Street, Second Floor**
**Richmond, VA 23219**
Number, Street, City, State & ZIP Code

Contact phone **804.783.8300** Email address **pberan@tb-lawfirm.com**

**34679 VA**
Bar number and State

## Attachment 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the affiliated entities listed below (collectively, the "Debtors"), filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division.

1. Amelia Telephone Corporation
2. Barnardsville Telephone Company
3. Electronics Service Co. of Hamlet, LLC
4. Ellerbe Telephone Company
5. New Castle Telephone Company
6. Peoples Mutual Telephone Company
7. RiverStreet Communications of North Carolina, Inc.
8. RiverStreet Communications of Virginia, Inc.
9. Riverstreet Connections, LLC
10. Riverstreet Intermediate Holdings, LLC
11. RiverStreet Management Services, LLC
12. RiverStreet Networks, Inc.
13. RiverStreet Parent Holdings, LLC
14. RiverStreet Wireless Assets, LLC
15. RiverStreet Wireless of North Carolina, Inc.
16. RiverStreet Wireless of Virginia, Inc.
17. Saluda Mountain Telephone Company
18. Service Telephone Company
19. Tri-County Communications, Inc.
20. Wilkes Communications, Inc.
21. Wilkes Telephone Membership Corporation

# Resolutions

**WRITTEN CONSENT OF THE AUTHORIZING BODY**
**OF EACH OF THE ENTITIES LISTED ON SCHEDULE I HERETO**

October 15, 2026

The undersigned, being the managing member, the sole member, a majority of the members of the board of directors or managers, requisite voting member, or other governing body (each, an "**Authorizing Body**" and, collectively, the "**Authorizing Bodies**") of each of the entities listed on Schedule I attached hereto (each, a "**Company**" and, collectively, the "Companies"), pursuant to the applicable laws of each jurisdiction in which each of the Companies is organized or incorporated, as applicable (the "**Applicable Law**"), and the applicable governing documents of the Companies (collectively, the "**Governing Documents**"), acting by written consent in lieu of a meeting, do hereby consent to the adoption of the following recitals and resolutions (the "**Resolutions**") and direct that this action by written consent (this "**Consent**") be filed in the records of each of the Companies.

WHEREAS, the Authorizing Bodies have reviewed the historical performance of the Companies, the market for the Companies' products and services, and the current and long-term liabilities of the Companies;

WHEREAS, the Authorizing Bodies of each Company have reviewed and considered (a) the filing of a voluntary petition for relief for each Company under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq.* (the "**Bankruptcy Code**") and in accordance with each Company's Governing Documents and Applicable Law, (b) the incurrence of the DIP Facility and the use of Cash Collateral (each as defined below) and (c) the retention of professionals ((b) and (c) collectively, the "**Restructuring Matters**"); and

WHEREAS, the Authorizing Bodies of each Company have, having reviewed and considered the materials presented by the management of and the advisors to the Companies, and having had adequate opportunity to consult such persons regarding the materials presented, obtain additional information, fully consider each of the available strategic alternatives, and the impact of the foregoing on the Companies' business and their stakeholders;

**IT IS RESOLVED**:

1. In the business judgment of the Authorizing Bodies of each Company, it is desirable and in the best interests of each Company and its respective stakeholders, creditors, and other parties in interest that each Company files or causes to be filed a voluntary petition for relief (the "**Bankruptcy Petition**") under the provisions of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of Virginia (the "**Bankruptcy Court**"), and any other petition for relief or recognition or other order that may be desirable, and, in accordance with the requirements in each Company's Governing Documents and Applicable Law, the board of each Company consents to, authorizes, and approves the filing of the Bankruptcy Petition.

2. Any director, manager, duly appointed officer, and delegate with specific authority (each, an "**Authorized Officer**") is authorized and directed on each Company's behalf to take all actions (including, without limitation, to negotiate and execute any documents,

certificates, supplemental agreements, and instruments), to act as signatory and attorney on behalf of each Company in respect of the Restructuring Matters, to execute and file on behalf of each Company all petitions, schedules, lists, and other motions, applications, pleadings, papers, or documents, and to take any other action they deem necessary or proper to obtain such relief, including, without limitation, any action necessary, appropriate, desirable, or proper to maintain the ordinary course operations of each Company and any of its subsidiaries and carry out these Resolutions.

3. Each Authorized Officer is authorized, empowered, and directed to employ on each Company's behalf: (a) Pachulski Stang Ziehl & Jones LLP ("**PSZJ**") as bankruptcy counsel; (b) Arete Partners ("**Arete**") as restructuring advisor; (c) Guggenheim Securities ("**Guggenheim**") as investment banker; (d) Epiq Corporate Restructuring, LLC ("**Epiq**") as solicitation, claims, and noticing agent; and (e) any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals that the Authorized Officers deem necessary, appropriate, or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and any applicable law (collectively, the "**Professionals**").

4. The Authorized Officers are authorized, empowered, and directed, in accordance with these Resolutions, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to employ all Professionals.

5. In the business judgment of the Authorizing Bodies of each Company, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of the use of cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which may be security for certain of the Company's prepetition secured lenders (the "**Secured Parties**") under debt instruments by and among the Companies, guarantors, administrative and other agents, and lenders.

6. In the business judgment of the Authorizing Bodies of each Company, the Companies need access to post-petition financing during the chapter 11 cases and the Companies will obtain benefits from the incurrence of new-money debtor-in-possession financing obligations by entering into the *Senior Secured Super-Priority Credit Agreement* (the "**DIP Credit Agreement**" and, together with such financing obligations, the "**DIP Facility**") to be documented in proposed interim and final orders (together, the "**DIP Orders**") to be submitted for approval of the Bankruptcy Court.

7. The form, terms, and provisions of instruments, agreements (including all "Loan Documents" identified in the DIP Credit Agreement) and all other documents executed in connection with the DIP Facility (collectively and together with the DIP Credit Agreement and the DIP Orders, the "**DIP Documents**"), substantially in the forms received by or described to the Companies, and the Companies' execution, delivery, and performance of their obligations under the DIP Documents, including without limitation the grant of security interests under the DIP Documents, are, in all respects, approved, subject to approval by the Bankruptcy Court.

8. The form, terms, and provisions of the DIP Orders to which the Companies are or will be subject, and the actions and transactions contemplated by them are authorized, adopted, and approved, and each Authorized Officer is authorized and empowered, in the name of and on behalf of the Companies, to negotiate, execute, deliver, perform, and cause the performance of the DIP Documents, incur and pay or cause to be paid all related fees and expenses.

9. The Companies, as debtors in possession under the Bankruptcy Code are authorized to incur the obligations under the DIP Documents (the "**DIP Obligations**") and to undertake any related transactions on substantially the same terms as contemplated under the DIP Documents, including granting liens on their assets to secure the DIP Obligations.

10. In the business judgment of the Authorizing Bodies of each Company, it is desirable and in the best interests of the Companies that the Companies seek to sell substantially all their assets under section 363 of the Bankruptcy Code and, therefore, the Companies are authorized, directed, and empowered to file a motion with the Bankruptcy Court to (a) authorize the Companies to conduct a sale of all, substantially all, or a portion of the Companies' assets through bidding procedures proposed to, and approved by, the Bankruptcy Court (the "**Bidding Procedures**") and (b) conduct one or more auctions, if necessary, in accordance with the Bidding Procedures and to negotiate, for and on behalf of the Companies, any agreements, documents, assignments, and instruments necessary, appropriate, or desirable in connection with a sale of assets.

11. The Authorized Officers are authorized on behalf of the Companies to take any actions, to execute, deliver, certify, file and record and perform any documents, agreements, instruments, motions, affidavits, applications for approvals, rulings of governmental or regulatory authorities, or certificates, and to take any actions deemed by the Authorized Officers to be necessary or desirable to carry out the purpose and intent of each of these Resolutions and to effectuate successful chapter 11 cases, including, without limitation, developing, filing, and prosecuting to confirmation one or more chapter 11 plans for the Companies and a related disclosure statement.

12. The Authorized Officers (and their designees and delegates), any one of whom may act without the joinder of any other, are authorized and empowered, in the name of and on behalf of the Companies, to take or cause to be taken any further action including, without limitation, (a) the seeking, preparation, and negotiation of any additional agreements, amendments, supplements, modifications, consents, waivers, reports, documents, instruments, applications, notes, or certificates not now known but which may be required, (b) the execution, acknowledgement, delivery, performance, and filing (if necessary) of any of the foregoing, and (c) the payment of all fees, consent payments, taxes, indemnities, and other expenses, necessary, advisable, convenient, or desirable to fully carry out the intent and accomplish the purposes of these Resolutions; and that all such actions, executions, deliveries, filings, and payments are approved, adopted, ratified, and confirmed in all respects as the acts and deeds of the Companies as if specifically set out in these Resolutions.

13. The board of each Company adopts and incorporates by reference any form of specific resolution to effectuate the intent and purpose of these Resolutions, or to confer authority included in matters authorized in these Resolutions, including any required by any

state, other jurisdiction or other institution, person or agency, and a copy of these Resolutions must be filed with the records of the meetings of the board of each Company and certified as duly adopted.

14. The Authorizing Bodies of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by these Resolutions as may be required by the Governing Documents of each Company and Applicable Law, or waives any right to have received such notice.

15. All acts, actions, and transactions relating to the matters contemplated by these Resolutions done in the name of and on behalf of the Companies, which would have been approved by these Resolutions had they occurred before the adoption of these Resolutions, are in all respects approved and ratified as the true acts and deeds of each Company with the same effect as if they had been specifically authorized in advance by the board of each Company.

**Schedule I**

RiverStreet Communications of Virginia, Inc.

Amelia Telephone Corporation

Barnardsville Telephone Company

Electronics Service Co. of Hamlet, LLC

Ellerbe Telephone Company

New Castle Telephone Company

Peoples Mutual Telephone Company

RiverStreet Communications of North Carolina, Inc.

Riverstreet Connections, LLC

RiverStreet Management Services, LLC

RiverStreet Networks, Inc.

RiverStreet Wireless Assets, LLC

RiverStreet Wireless of North Carolina, Inc.

RiverStreet Wireless of Virginia, Inc.

Saluda Mountain Telephone Company

Service Telephone Company

Tri-County Communications, Inc.

Wilkes Communications, Inc.

Wilkes Telephone Membership Corporation

Riverstreet Intermediate Holdings, LLC

RiverStreet Parent Holdings, LLC

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of RiverStreet Communications of Virginia, Inc., Barnardsville Telephone Company, Ellerbe Telephone Company, Peoples Mutual Telephone Company, RiverStreet Communications of North Carolina, Inc., RiverStreet Networks, Inc., RiverStreet Wireless of North Carolina, Inc., RiverStreet Wireless of Virginia, Inc., Saluda Mountain Telephone Company, Service Telephone Company, Tri-County Communications, Inc., and Wilkes Communications, Inc., and have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., BARNARDSVILLE TELEPHONE COMPANY, ELLERBE TELEPHONE COMPANY, PEOPLES MUTUAL TELEPHONE COMPANY, RIVERSTREET COMMUNICATIONS OF NORTH CAROLINA, INC., RIVERSTREET NETWORKS, INC., RIVERSTREET WIRELESS OF NORTH CAROLINA, INC., RIVERSTREET WIRELESS OF VIRGINIA, INC., SALUDA MOUNTAIN TELEPHONE COMPANY, SERVICE TELEPHONE COMPANY, TRI-COUNTY COMMUNICATIONS, INC., AND WILKES COMMUNICATIONS, INC.**

DIRECTORS

DocuSigned by:
Jimmie Church
485FBEBCA5E84F8...

Jimmie M. Church

______________________________

A. Steve Mathis

______________________________

Armit Tevepaugh

______________________________

Claude Shew, Jr.

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of RiverStreet Communications of Virginia, Inc., Barnardsville Telephone Company, Ellerbe Telephone Company, Peoples Mutual Telephone Company, RiverStreet Communications of North Carolina, Inc., RiverStreet Networks, Inc., RiverStreet Wireless of North Carolina, Inc., RiverStreet Wireless of Virginia, Inc., Saluda Mountain Telephone Company, Service Telephone Company, Tri-County Communications, Inc., and Wilkes Communications, Inc., and have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., BARNARDSVILLE TELEPHONE COMPANY, ELLERBE TELEPHONE COMPANY, PEOPLES MUTUAL TELEPHONE COMPANY, RIVERSTREET COMMUNICATIONS OF NORTH CAROLINA, INC., RIVERSTREET NETWORKS, INC., RIVERSTREET WIRELESS OF NORTH CAROLINA, INC., RIVERSTREET WIRELESS OF VIRGINIA, INC., SALUDA MOUNTAIN TELEPHONE COMPANY, SERVICE TELEPHONE COMPANY, TRI-COUNTY COMMUNICATIONS, INC., AND WILKES COMMUNICATIONS, INC.**

DIRECTORS

____________________________
Jimmie M. Church

A. Steve Mathis
____________________________
A. Steve Mathis

____________________________
Armit Tevepaugh

____________________________
Claude Shew, Jr.

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of RiverStreet Communications of Virginia, Inc., Barnardsville Telephone Company, Ellerbe Telephone Company, Peoples Mutual Telephone Company, RiverStreet Communications of North Carolina, Inc., RiverStreet Networks, Inc., RiverStreet Wireless of North Carolina, Inc., RiverStreet Wireless of Virginia, Inc., Saluda Mountain Telephone Company, Service Telephone Company, Tri-County Communications, Inc., and Wilkes Communications, Inc., and have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., BARNARDSVILLE TELEPHONE COMPANY, ELLERBE TELEPHONE COMPANY, PEOPLES MUTUAL TELEPHONE COMPANY, RIVERSTREET COMMUNICATIONS OF NORTH CAROLINA, INC., RIVERSTREET NETWORKS, INC., RIVERSTREET WIRELESS OF NORTH CAROLINA, INC., RIVERSTREET WIRELESS OF VIRGINIA, INC., SALUDA MOUNTAIN TELEPHONE COMPANY, SERVICE TELEPHONE COMPANY, TRI-COUNTY COMMUNICATIONS, INC., AND WILKES COMMUNICATIONS, INC.**

DIRECTORS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

Signed by:
Armit Tevepaugh
50D314A62A81496...
Armit Tevepaugh

______________________________
Claude Shew, Jr.

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of RiverStreet Communications of Virginia, Inc., Barnardsville Telephone Company, Ellerbe Telephone Company, Peoples Mutual Telephone Company, RiverStreet Communications of North Carolina, Inc., RiverStreet Networks, Inc., RiverStreet Wireless of North Carolina, Inc., RiverStreet Wireless of Virginia, Inc., Saluda Mountain Telephone Company, Service Telephone Company, Tri-County Communications, Inc., and Wilkes Communications, Inc., and have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET COMMUNICATIONS OF VIRGINIA, INC., BARNARDSVILLE TELEPHONE COMPANY, ELLERBE TELEPHONE COMPANY, PEOPLES MUTUAL TELEPHONE COMPANY, RIVERSTREET COMMUNICATIONS OF NORTH CAROLINA, INC., RIVERSTREET NETWORKS, INC., RIVERSTREET WIRELESS OF NORTH CAROLINA, INC., RIVERSTREET WIRELESS OF VIRGINIA, INC., SALUDA MOUNTAIN TELEPHONE COMPANY, SERVICE TELEPHONE COMPANY, TRI-COUNTY COMMUNICATIONS, INC., AND WILKES COMMUNICATIONS, INC.**

DIRECTORS

____________________________
Jimmie M. Church

____________________________
A. Steve Mathis

____________________________
Armit Tevepaugh

____________________________
Claude Shew, Jr.

Signed by:
Eric Bumgarner
0679ABB49924497...

Eric Bumgarner

Jerry A. Shepherd

Signed by:
C. Wayne Black
1B0CB90312D3454...

C. Wayne Black

James D. Decker

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

______________________________
James D. Decker

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

Docusign Envelope ID: C57A3A15-D978-86B1-8069-D8DC5FA9F137


IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Amelia Telephone Corporation and New Castle Telephone Company, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMELIA TELEPHONE CORPORATION**
**NEW CASTLE TELEPHONE COMPANY**

DIRECTORS

DocuSigned by:
Jimmie Church
485FBEBCA5E84F8...
______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
C. Wayne Black

______________________________
Jerry A. Shepherd

______________________________
James D. Decker

______________________________
Claude Shew, Jr.

______________________________
Armit Tevepaugh

______________________________
Eric Bumgarner

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Amelia Telephone Corporation and New Castle Telephone Company, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMELIA TELEPHONE CORPORATION**
**NEW CASTLE TELEPHONE COMPANY**

DIRECTORS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
C. Wayne Black

______________________________
Jerry A. Shepherd

______________________________
James D. Decker

______________________________
Claude Shew, Jr.

______________________________
Armit Tevepaugh

______________________________
Eric Bumgarner

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Amelia Telephone Corporation and New Castle Telephone Company, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMELIA TELEPHONE CORPORATION**
**NEW CASTLE TELEPHONE COMPANY**

DIRECTORS

____________________________
Jimmie M. Church

____________________________
A. Steve Mathis

Signed by:
C. Wayne Black
1B0CB90312D3454...
C. Wayne Black

____________________________
Jerry A. Shepherd

____________________________
James D. Decker

____________________________
Claude Shew, Jr.

Signed by:
Armit Tevepaugh
50D314A62A81496...
Armit Tevepaugh

Signed by:
Eric Bumgarner
0579ABB49924497...
Eric Bumgarner

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Amelia Telephone Corporation and New Castle Telephone Company, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMELIA TELEPHONE CORPORATION**
**NEW CASTLE TELEPHONE COMPANY**

DIRECTORS

____________________________
Jimmie M. Church

____________________________
A. Steve Mathis

____________________________
C. Wayne Black

____________________________
Jerry A. Shepherd



____________________________
James D. Decker

____________________________
Claude Shew, Jr.

____________________________
Armit Tevepaugh

____________________________
Eric Bumgarner

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Amelia Telephone Corporation and New Castle Telephone Company, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**AMELIA TELEPHONE CORPORATION**
**NEW CASTLE TELEPHONE COMPANY**

DIRECTORS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
C. Wayne Black

______________________________
Jerry A. Shepherd

______________________________
James D. Decker

______________________________
Claude Shew, Jr.

______________________________
Armit Tevepaugh

______________________________
Eric Bumgarner

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Wilkes Telephone Membership Corporation, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**WILKES TELEPHONE MEMBERSHIP CORPORATION**

DIRECTORS

DocuSigned by:
Jimmie Church
485FBEBCA5E84F8...
______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
Armit Tevepaugh

______________________________
Claude Shew, Jr.

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Wilkes Telephone Membership Corporation, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**WILKES TELEPHONE MEMBERSHIP CORPORATION**

DIRECTORS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
Armit Tevepaugh

______________________________
Claude Shew, Jr.

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Wilkes Telephone Membership Corporation, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**WILKES TELEPHONE MEMBERSHIP CORPORATION**

DIRECTORS

____________________________
Jimmie M. Church

____________________________
A. Steve Mathis

Signed by:
Armit Tevepaugh
50D314A62A81496...
Armit Tevepaugh

____________________________
Claude Shew, Jr.

Signed by:
Eric Bumgarner
0679ABB49924497...
Eric Bumgarner

____________________________
Jerry A. Shepherd

Signed by:
C. Wayne Black
1B0CB90312D3454...
C. Wayne Black

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Directors of Wilkes Telephone Membership Corporation, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**WILKES TELEPHONE MEMBERSHIP CORPORATION**

DIRECTORS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
Armit Tevepaugh

______________________________
Claude Shew, Jr.

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

IN WITNESS WHEREOF, the undersigned, being (i) a majority of the members of the Board of Managers, and (ii) the Class A Requisite Member of RiverStreet Parent Holdings, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET PARENT HOLDINGS, LLC**

MANAGERS

DocuSigned by:
Jimmie Church
485FBEBCA5E84F8...
Jimmie M. Church

______________________________
Eric Cramer

______________________________
Eric Bumgarner

______________________________
C. Wayne Black

______________________________
James D. Decker

______________________________
Deborah Rand

______________________________
A. Steve Mathis

IN WITNESS WHEREOF, the undersigned, being (i) a majority of the members of the Board of Managers, and (ii) the Class A Requisite Member of RiverStreet Parent Holdings, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET PARENT HOLDINGS, LLC**

MANAGERS

______________________________
Jimmie M. Church

DocuSigned by:
Eric S. Cramer
D20233DF078D429...
______________________________
Eric Cramer

Signed by:
Eric Bumgarner
0679ABB49924497...
______________________________
Eric Bumgarner

Signed by:
C. Wayne Black
1B0CB90312D3454...
______________________________
C. Wayne Black

______________________________
James D. Decker

______________________________
Deborah Rand

______________________________
A. Steve Mathis

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being (i) a majority of the members of the Board of Managers, and (ii) the Class A Requisite Member of RiverStreet Parent Holdings, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET PARENT HOLDINGS, LLC**

MANAGERS

______________________________
Jimmie M. Church

______________________________
Eric Cramer

______________________________
Eric Bumgarner

______________________________
C. Wayne Black

______________________________
James D. Decker

______________________________
Deborah Rand

______________________________
A. Steve Mathis

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being (i) a majority of the members of the Board of Managers, and (ii) the Class A Requisite Member of RiverStreet Parent Holdings, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET PARENT HOLDINGS, LLC**

MANAGERS

______________________________
Jimmie M. Church

______________________________
Eric Cramer

______________________________
Eric Bumgarner

______________________________
C. Wayne Black

______________________________
James D. Decker

______________________________
Deborah Rand

A. Steve Mathis [signature]
______________________________
A. Steve Mathis

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

CLASS A REQUISITE MEMBER

Wilkes Telephone Membership Corporation

By: DocuSigned by: *Eric S. Cramer* D20233DF678D429
Eric S. Cramer
Chief Executive Officer and President

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Managers of RiverStreet Wireless Assets, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET WIRELESS ASSETS, LLC**

MANAGERS

DocuSigned by:
Jimmie Church
485FBEBCA5E84F8...
______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
Armit Tevepaugh

______________________________
Claude Shew, Jr.

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

______________________________
James D. Decker

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Managers of RiverStreet Wireless Assets, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET WIRELESS ASSETS, LLC**

MANAGERS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
Armit Tevepaugh

______________________________
Claude Shew, Jr.

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

______________________________
James D. Decker

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Managers of RiverStreet Wireless Assets, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET WIRELESS ASSETS, LLC**

MANAGERS

____________________________
Jimmie M. Church

____________________________
A. Steve Mathis

Signed by:
Armit Tevepaugh
50D314A62A81496...
Armit Tevepaugh

____________________________
Claude Shew, Jr.

Signed by:
Eric Bumgarner
0679ABB49924497...
Eric Bumgarner

____________________________
Jerry A. Shepherd

Signed by:
C. Wayne Black
1B0CB90312D3454...
C. Wayne Black

____________________________
James D. Decker

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Managers of RiverStreet Wireless Assets, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET WIRELESS ASSETS, LLC**

MANAGERS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
Armit Tevepaugh

______________________________
Claude Shew, Jr.

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

______________________________
James D. Decker

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being a majority of the members of the Board of Managers of RiverStreet Wireless Assets, LLC, have executed this Action by written consent (the "Action") effective as of the date set forth above. This Action may be executed in counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

**RIVERSTREET WIRELESS ASSETS, LLC**

MANAGERS

______________________________
Jimmie M. Church

______________________________
A. Steve Mathis

______________________________
Armit Tevepaugh

______________________________
Claude Shew, Jr.

______________________________
Eric Bumgarner

______________________________
Jerry A. Shepherd

______________________________
C. Wayne Black

______________________________
James D. Decker

*[SIGNATURE PAGE TO ACTION BY WRITTEN CONSENT]*

IN WITNESS WHEREOF, the undersigned, being the sole members of the Companies listed below have executed this written consent as of the date first written above.

**RIVERSTREET MANAGEMENT SERVICES, LLC, AS SOLE MEMBER OF**

**ELECTRONICS SERVICE CO. OF HAMLET, LLC**
**RIVERSTREET CONNECTIONS, LLC**

By: DocuSigned by: Eric S. Cramer D20233DF678D429...
Name: Eric S. Cramer
Title: President

**RIVERSTREET PARENT HOLDINGS, LLC, AS SOLE MEMBER OF**

**RIVERSTREET INTERMEDIATE HOLDINGS, LLC**

By: DocuSigned by: Eric S. Cramer D20233DF678D429...
Name: Eric S. Cramer
Title: President

**RIVERSTREET INTERMEDIATE HOLDINGS, LLC, AS SOLE MEMBER OF**

**RIVERSTREET MANAGEMENT SERVICES, LLC**

By: DocuSigned by: Eric S. Cramer D20233DF678D429...
Name: Eric S. Cramer
Title: President

**Fill in this information to identify the case:**

Debtor name RiverStreet Communications of Virginia, Inc., *et al.*

United States Bankruptcy Court for the Eastern District of Virginia, Richmond Division
(State)

Case number (If known): ____________________

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (on a Consolidated Basis)

12/15

**A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1. | VIRGINIA DEPARTMENT OF HOUSING AND COMMUNITY DEVELOPMENT (DHCD)<br>C/O KAUFMAN & CANOLES, P.C.<br>TWO JAMES CENTER<br>1021 EAST CARY STREET, SUITE 1400<br>RICHMOND, VA 23219<br><br>WEST PIEDMONT PLANNING DISTRICT COMMISSION (ADMINISTRATOR)<br>P.O. BOX 5268<br>MARTINSVILLE, VA 24115-5268 | ATTN: Douglas M. Foley, Esq., Kaufman & Canoles, P.C. (counsel to DHCD)<br>EMAIL: douglas.foley@kaufcan.com<br>PHONE: (804) 771-5746<br><br>ATTN: Michael Armbrister, AICP, Executive Director, West Piedmont PDC<br>EMAIL: marmbrister@wppdc.org<br>PHONE: (276) 638-3987 | VATI obligations | Contingent, Disputed | | | $50,971,059.73 |
| 2. | LAMBERT'S CABLE SPLICING CO.<br>PO BOX 563<br>SHARPSBURG, NC 27878 | ATTN: Robbie Rogister, President<br>EMAIL:<br>robbie.rogister@lambertcable.com<br>PHONE: (252) 442-1408 | Trade debt | | | | $12,640,366.49 |
| 3. | COMPLETE UNDERGROUND, LLC<br>350 SHAW DRIVE<br>KEYSVILLE, VA 23947 | ATTN: Tim Fortson Sr, Owner<br>EMAIL:<br>t.fortson@completeunderground.com<br>PHONE: (804) 512-2634 | Trade debt | | | | $5,421,000.00 |
| 4. | WHITING CONSTRUCTION CO. INC.<br>PO BOX 485<br>TROUTMAN, NC 28166 | ATTN: Frank Whiting, Owner<br>EMAIL: whitingco@hotmail.com<br>PHONE: (704) 662-4329 | Trade debt | | | | $3,994,486.53 |
| 5. | QUANTA TELECOMMUNICATIONS SOLUTIONS, LLC<br>1608 MARGARET STREET<br>HOUSTON, TX 77093 | ATTN: Jessica Sells, Accounting Manager<br>EMAIL: jsells@quantatelcom.com<br>PHONE: (470) 415-7840 | Trade debt | | | | $3,394,329.26 |
| 6. | ELECTRICOM<br>PO BOX 319<br>PAOLI, IN 47453 | ATTN: Andy Leake, CEO<br>EMAIL: andy.leake@eletricomllc.com<br>PHONE: (317) 690-7477 | Trade debt | | | | $2,281,523.33 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7. | TEP OPCO, LLC<br>326 TRYON ROAD<br>RALEIGH, NC 27603 | ATTN: Kristie Messer, Senior Collections Specialist<br>EMAIL: kmesser@tepgroup.net<br>PHONE: (984) 480-7151 | Trade debt | | | | $2,136,933.51 |
| 8. | WALKER & ASSOCIATES INC.<br>PO BOX 12429<br>WINSTON SALEM, NC 27117 | ATTN: Eddie Lester<br>EMAIL: eddie.lester@walkerfirst.com<br>PHONE: (800) 925-5371 | Trade debt | | | | $1,790,055.36 |
| 9. | LIGHTSETT LLC<br>780 NORTH CHURCH STREET<br>HENDERSONVILLE, NC 28792 | ATTN: Brandon Biron<br>EMAIL: brandon@lightsett.com<br>PHONE: (828) 398-8985 | Engineering services | | | | $1,613,184.51 |
| 10. | CHARLES INDUSTRIES, LLC<br>P.O. BOX 734492<br>CHICAGO, IL 60673 | ATTN: Ginny Mursewick, Sr CSR<br>EMAIL:<br>gmursewick@charlesindustries.com<br>PHONE: (847) 258-8522 | Trade debt | | | | $1,193,049.34 |
| 11. | MHO LLC<br>12607 CEDAR STREET<br>LEAWOOD, KS 66209 | ATTN: Kennis Mann, CEO<br>EMAIL: kennis@mhollc.com<br>PHONE: (913) 549-0232 | Trade debt | | | | $1,177,592.16 |
| 12. | CHALLENGER CABLE SALES<br>PO BOX 452826<br>LOS ANGELES, CA 90045 | ATTN: Glenn Duval, Owner<br>EMAIL: glenn@challengercable.com<br>PHONE: (310) 291-9608 | Trade debt | | | | $1,168,696.51 |
| 13. | CAMPBELL COUNTY, VA<br>PO BOX 100<br>RUSTBURG, VA 24588<br><br>ATTN: COUNTY ATTORNEY<br>PO BOX 6320<br>LYNCHBURG, VA 24501 | ATTN: Frank J. Rogers, IV, County Administrator<br>EMAIL: fjrogers@co.campbell.va.us<br>PHONE: (434) 332-9500 | VATI obligations | Contingent, Disputed | | | $1,097,962.10 |
| 14. | VANTAGE POINT SOLUTIONS INC.<br>2211 NORTH MINNESOTA STREET<br>MITCHELL, SD 57301 | ATTN: Adam Fenski<br>EMAIL:<br>stephanie.nemec@vantagepnt.com /<br>adam.fenski@vantagepnt.com<br>PHONE: (605) 995-1777 | Engineering services | | | | $305,153.21 |
| 15. | DOMO INC.<br>772 E UTAH VALLEY DRIVE<br>AMERICAN FORK, UT 84003 | ATTN: Teague Wolfley<br>EMAIL: teague.wolfley@domo.com<br>PHONE: (585) 736-3978 | Trade debt | | | | $219,053.32 |
| 16. | NETFABRIC IT SOLUTIONS<br>US BANK NATIONAL ASSOCIATION<br>TFM ESCROW - LOCKBOX<br>PO BOX 860573<br>MINNEAPOLIS, MN 55486 | ATTN: Russ Feldman<br>EMAIL: rfeldman@netfabric.com<br>PHONE: (405) 543-1432 | Trade debt | | | | $188,600.80 |
| 17. | PRICEWATERHOUSE COOPERS LLP<br>4040 W. BOY SCOUT BLVD<br>TAMPA, FL 33607 | ATTN: David Ihn<br>EMAIL: david.ihn@pwc.com<br>PHONE: (551) 574-1645 | Professional services | | | | $150,000.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18. | GRAYBAR ELECTRIC COMPANY<br>PO BOX 403049<br>ATLANTA, GA 30379 | ATTN: Scott Jahn, Financial Manager II<br>EMAIL: scott.jahn@graybar.com<br>PHONE: (314) 573-3308 | Trade debt | | | | $108,659.05 |
| 19. | GTT AMERICAS LLC<br>PO BOX 842630<br>DALLAS, TX 75284 | ATTN: Joseph Southwell<br>EMAIL: joe.southwell@gtt.net<br>PHONE: (864) 687-0411 | Trade debt | | | | $83,178.65 |
| 20. | INNOVATIVE SYSTEMS LLC<br>1000 INNOVATIVE DR<br>MITCHELL, SD 57301 | ATTN: Greg Feiner<br>EMAIL: gregf@innovsys.com<br>PHONE: (605) 995-6120 | Trade debt | | | | $81,882.52 |
| 21. | CABLE PROTECTION SERVICE INC.<br>11810 MURRAY OLDS CT<br>MIDLOTHIAN, VA 23114 | ATTN: Brandon King<br>EMAIL: brandon_king@cableps.com<br>PHONE: (804) 562-3409 x102 | Trade debt | | | | $73,280.00 |
| 22. | CALIX INC.<br>P.O. BOX 843163<br>DALLAS, TX 75284 | ATTN: Mark Johnson<br>EMAIL: accountsreceivable@calix.com / mark.johnson@calix.com<br>PHONE: (707) 766-3000 | Trade debt | | | | $54,122.41 |
| 23. | SOUZA CONSULTING<br>PO BOX 2374<br>BLOOMINGTON, IN 47402 | ATTN: Peter Souza<br>EMAIL: peter@souzaconsulting.com<br>PHONE: (530) 617-1515 | Professional services | | | | $52,935.12 |
| 24. | ADAMS CABLE EQUIPMENT INC.<br>9700 WIDMER RD<br>LENEXA, KS 66215 | ATTN: Jason Allinder<br>EMAIL: jallinder@adamscableequipment.com<br>PHONE: (913) 888-5100 | Trade debt | | | | $45,606.31 |
| 25. | MAGARAM ENGINEERING SERVICES<br>13705 STONE SHADOW CT<br>CLIFTON, VA 20124 | ATTN: Brett Magaram, President<br>EMAIL: brett.magaram@gmail.com<br>PHONE: (914) 450-8416 | Engineering services | | | | $32,403.76 |
| 26. | COGENT<br>PO BOX 791087<br>BALTIMORE, MD 21279 | ATTN:<br>EMAIL: billing@cogentco.com<br>PHONE: (877) 726-4368 | Trade debt | | | | $24,750.00 |
| 27. | CORE TELECOM SYS. INC.<br>13965 RIVERPORT PL DR<br>MARYLAND HEIGHTS, MO 63043 | ATTN: Chris Germain<br>EMAIL: cgermain@coretelecom.net<br>PHONE: (314) 372-0204 | Trade debt | | | | $22,095.35 |
| 28. | APPDIRECT CSP INC.<br>PO BOX 532202<br>ATLANTA, GA 30353 | ATTN: Tiesha Johnson, Account Manager<br>EMAIL: tiesha.johnson@appdirect.com<br>PHONE: (248) 284-6594 | Trade debt | | | | $21,600.00 |
| 29. | OPTIMUM B2B, DEPT. 1264<br>PO BOX 200904<br>DALLAS, TX 75320 | ATTN: Greig Matthew<br>EMAIL: greig.matthew@alticeusa.com<br>PHONE: (800) 671-1176 | Trade debt | | | | $21,000.00 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 30. | ELEMENT CREATIVE, LLC<br>2081 PROFIT PLACE<br>DE PERE, WI 54115 | ATTN: Lance Peroutka<br>EMAIL: accounting@goelement.com<br>PHONE: (920) 983-9700 | Trade debt | | | | $20,000.00 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ELLERBE TELEPHONE COMPANY,[1] | Case No. 26-_____ (___) |
| Debtor. | Joint Administration Requested |

**CORPORATE OWNERSHIP STATEMENT (RULE 7007.1)**

Pursuant to Federal Rule of Bankruptcy Procedure 7007.1 and to enable the Judges to evaluate possible disqualification or recusal, the undersigned authorized officer of the above-captioned Debtor, certifies that the following is a corporation other than the Debtor, or a governmental unit, that directly or indirectly owns 10% or more of any class of the corporation's equity interests, or states that there are no entities to report under FRBP 7007.1.

☐ None [*check if applicable*]

Name: RiverStreet Management Services, LLC
Address: 1400 River Street
Wilkesboro, NC 28697

[1] The location of the Debtor's corporate headquarters is 1400 River Street, Wilkesboro, NC 28697, and the last four digits of the Debtor's federal tax identification number is 6911.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| ELLERBE TELEPHONE COMPANY,[1] | Case No. 26-_____ (___) |
| Debtor. | Joint Administration Requested |

**LIST OF EQUITY SECURITY HOLDERS**

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case:

| Equity Holder | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|
| RiverStreet Management Services, LLC | 1400 River Street<br>Wilkesboro, NC 28697 | 100% |

[1] The location of the Debtor's corporate headquarters is 1400 River Street, Wilkesboro, NC 28697, and the last four digits of the Debtor's federal tax identification number is 6911.

**Fill in this information to identify the case:**

Debtor name **Ellerbe Telephone Company**

United States Bankruptcy Court for the: EASTERN DISTRICT OF VIRGINIA

Case number (if known)

☐ Check if this is an amended filing

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors

**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule*
- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ■ Other document that requires a declaration **Corporate Ownership Statement and List of Equity Security Holders.**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 10/16/2026

*X* /s/ Stuart Kaufman
Signature of individual signing on behalf of debtor

**Stuart Kaufman**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor